UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| CENTER CAPITAL CORPORATION, | ) | |
| Plaintiff(s), | ) | Case No. 2:09-cv-1367-RLH-PAL |
| vs. | ) | **O R D E R** |
| | ) | (Motion to Reconsider–#29) |
| EAGLE JET AVIATION, INC. MILTON WOODS, individually, and ALEX PENLY, individually, | ) | (Motion for Hearing–#31) |
| Defendant(s). | ) | |

Before the Court is Plaintiff's **Motion to Reconsider and Amend the Court's Order of April 20, 2010, . . . or, in the Alternative, to Schedule an Evidentiary Hearing on Damages** (#29, filed May 18, 2010).

Also before the Court is Plaintiff's **Motion to Set Rule 16 Pretrial Conference to Review Proposed Pretrial Order in Light of Recent Ruling on Summary Judgment and Pending Motion to Reconsider and Defendants Eagle Air Aviation, LLC and Alex Penly's Failure to Appear and Defendant Milt Wood's Failure to Retain New Counsel or Otherwise Appear** (#31, filed June 15, 2010).

No opposition has been filed, nor is any anticipated by the Court. Accordingly, the Court will address each motion seriatim.

/ / / /

/ / / /

## I. MOTION TO RECONSIDER

Although not mentioned in any of the Federal Rules of Civil Procedure, motions for reconsideration may be brought under both Rules 59(e) and 60(b). "Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only for: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. A motion for reconsideration is properly denied when it presents no arguments that were not already raised in its original motion. *See Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985).

Motions for reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F.Supp. 1310, 1316 (S.D.Tex. 1994)(footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977).

Plaintiff's position in the motion is that the Court was not completely informed, or was under a misapprehension as to the facts. While the Court acknowledges that it apparently did not have the facts correctly, that appears to have been the fault of Plaintiff, not the Court. Be that as it may, the Court now understands that Plaintiff did, in fact, obtain possession of the airplane, but has not disposed of it. No information is provided as to whether there have been attempts to dispose of it, or whether there has been an evaluation or appraisal of its value.

Plaintiff cites Connecticut law for the proposition that a creditor may "reduce a claim to judgment, foreclosure, **or** otherwise enforce the claim, security interest, or agricultural lien by any available judicial procedure. . . ." Conn. Gen. Stat. §42a-9-601(a)(1) and (c). However the Court

notes that that is in the disjunctive. The case law cited all comes from jurisdictions other than Connecticut or which might otherwise be controlling on this Court. At any rate, the issue of the amount of damages is a factual issue and cannot be resolved merely by conducting an evidentiary hearing on damages. The Court is not inclined to merely permit Plaintiff to recover both the amount due on the loan, and to also retain the collateral securing the loan, without some evidence being presented as to the value of the recovered collateral to enable the Court to determine if Plaintiff's actions are in good faith and not just an effort to obtain double recovery. Accordingly, summary judgment will still not lie and the Court stands by its denial of a summary default judgment on the evidence presented.

Accordingly, the motion to reconsider is denied, but the Court will set the matter for trial where it can make the necessary factual determination.

II. MOTION FOR PRETRIAL CONFERENCE

Plaintiff seeks a hearing on the requirement that it file a joint proposed pretrial order. It has had no contact with any defendant and there appears to be no prospect of any contact or cooperation from any of the defendants. The Court will resolve this dilemma by directing the Plaintiff to file its proposed pretrial order unilaterally with evidence of mailing to Defendant Milton Woods last known address at 4331 Cherrystone Court, Las Vegas, NV 89121.

The Court has denied the motion for reconsideration of its prior order. Accordingly, there is no reason to hold a hearing, and the Court will just set the matter for trial, anticipating that Plaintiff should have no difficulty proving up its damages (if it is prepared to address the questions of the Court addressed above) without opposition.

IT IS THEREFORE ORDERED that Plaintiff's **Motion to Reconsider and Amend the Court's Order of April 20, 2010, . . . or, in the Alternative, to Schedule an Evidentiary Hearing on Damages** (#29) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's **Motion to Set Rule 16 Pretrial Conference to Review Proposed Pretrial Order in Light of Recent Ruling on Summary**

**Judgment and Pending Motion to Reconsider and Defendants Eagle Air Aviation, LLC and Alex Penly's Failure to Appear and Defendant Milt Wood's Failure to Retain New Counsel or Otherwise Appear** (#31) is DENIED.

IT IS FURTHER ORDERED that Plaintiff may file its Proposed Pretrial Order unilaterally, without the approval of or consultation with, any other Defendant, following which the Court will set the matter for trial forthwith.

IT IS FURTHER ORDERED that a copy of the Pretrial Order, together with the trial date, and the Court's signature, be mailed to Defendant Milton Woods at 4331 Cherrystone Court, Las Vegas, NV 89121.

Dated: June 17, 2010.

_____
Roger L. Hunt
Chief United States District Judge

4