# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

**\* \* \***

| | |
|---|---|
| WEBSTER CAPITAL FINANCE, INC., | Case No.: 2:09-cv-01367-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Strike–#52) |
| MILT'S EAGLE, LLC; EAGLE JET AVIATION, INC.; MILTON WOODS, Individually; and ALEX PENLY, Individually, | |
| Defendants. | |

Before the Court is Plaintiff Webster Capital Finance, Inc. f/k/a Center Capital Corporation's **Motion to Strike Defendants' Answer to Second Amended Complaint for Money Damages** (#64, filed Mar. 1, 2011) on the basis of Defendants' previous default.  The Court has also considered Defendants Milt's Eagle, LLC ("Milt's Eagle"), Eagle Jet Aviation, Inc. ("Eagle Jet"), and Alex Penly's Opposition (#65, filed Mar. 8, 2011), and Webster's Reply (#67, filed Mar. 18, 2011).  The Court notes that Defendant Milton Woods is not a party to these motions and any reference to "Defendants" in this Order does not include Woods.

///

///

AO 72
(Rev. 8/82)

1

**BACKGROUND**

2          This dispute arises from the parties' contractual agreement to purchase an airplane.

3  The Court directs the reader to its previous Order (#28, Apr. 28, 2010) for a detailed account of the

4  factual background of this case.  Plaintiff filed its original Complaint (#1) on July 28, 2009.

5  Plaintiff subsequently returned executed summonses for Defendants Penly, Milt's Eagle, and

6  Eagle Jet. (Dkt. ##6, 7, 9.)  These three Defendants share a great deal of common connection:

7  Milt's Eagle is a wholly-owned subsidiary of Eagle Jet and Penly serves as Milt's Eagle's resident

8  agent.  On August 27, 2009, Plaintiff filed an Amended Complaint (#11), which omitted Milt's

9  Eagle because it had recently filed for bankruptcy protection.  Plaintiff then served the Amended

10  Complaint on Eagle Jet and Penly by mailing it to their last known addresses.  (Dkt. #14,

11  Certificate of Service.)  After the applicable deadline passed, Plaintiff filed a Motion for Entry of

12  Clerk's Default (#18) against Eagle Jet and Penly.  The Clerk of the Court issued an Amended

13  Entry of Default (#20) on January 5, 2010.  Plaintiff filed a Motion for Default Judgment (#21)

14  against these two parties; however, the Court denied the motion because it was unable to

15  determine the total amount of damages.  (Dkt. #28, Order, Apr. 20, 2010.)

16          After receiving leave of the Court, Plaintiff filed a Second Amended Complaint

17  (#47) on October 20, 2010.  Plaintiff also renamed Milt's Eagle as a Defendant because its

18  bankruptcy case had been dismissed.  Plaintiff served the Second Amended Complaint on Milt's

19  Eagle via personal service (Dkt. #51, Certificate of Service), and served Eagle Jet and Penly by

20  mailing it to their last known addresses (Dkt. # 50, Certificate of Service).  Defendants jointly filed

21  an Answer (#54) to the Second Amended Complaint on December 14, 2010.  Eagle Jet and Penly

22  filed this answer rather than asking the Court to set aside their defaults, and Milt's Eagle answered

23  four weeks after the 21-day response deadline set forth in Rule 12(a)(1)(A)(i) of the Federal Rules

24  of Civil Procedure.  Plaintiff now asks the Court to strike Defendants' improper and untimely

25  Answer.  For the reasons discussed below, the Court grants the motion.

26  ///

AO 72
(Rev. 8/82)

**DISCUSSION**

**I.    Motion to Strike**

     **A.    Legal Standard**

     Pursuant to Rule 12(f), a "court may strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." Rule 7(a) identifies "pleadings" as the complaint, answer, and reply, but not motions and other papers. As an alternative basis for striking improper filings, a district court has "inherent power over the administration of its business. It has inherent authority . . . to promulgate and enforce rules for the management of litigation . . . ." *Spurlock v. F.B.I.*, 69 F.3d 1010, 1016 (9th Cir. 1995) (citations omitted).

     **B.    Defendants' Answer**

     Plaintiff argues that the Court should strike Defendants' answer because their default and failure to defend requires the Court to accept Plaintiff's allegations as true. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Upon entry of default, the court takes the factual allegations in the non-defaulting party's complaint as true. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (citation omitted).

     Conversely, Defendants argue that service of the Second Amended Complaint by mail was improper and, therefore, ineffective as to Eagle Jet and Penly. However, Defendants' arguments lack merit. Although Plaintiff amended its complaint twice after filing suit in July 2009, the record clearly shows that Plaintiff properly notified Defendants of those amended complaints. The subsequent amendments to Plaintiff's complaint were "pleading[s] subsequent to the original complaint," for which service was complete upon mailing to Defendants' last known address. Fed. R. Civ. P. 5(b); *Employee Painter's Trust v. Ethan Enterprises, Inc.*, 480 F.3d 993, 999 (9th Cir. 2007). The amendments did not amount to "new or additional claims for relief," thus, Plaintiff was not required to effectuate personal service pursuant to Rule 4. *Id.*

AO 72
(Rev. 8/82)

1   Consequently, to the extent Eagle Jet and Penly's arguments rely on claims of ineffective service,

2   their arguments fail.

3          Defendants also assert that Milt's Eagle properly answered the Second Amended

4   Complaint because the Clerk did not enter default against Milt's Eagle.  However, this argument

5   places form over substance.  Milt's Eagle was well aware of Plaintiff's allegations, *i.e.* breach of

6   contract and loan guaranties, because it was personally served with the original Complaint and

7   Second Amended Complaint, and because its resident agent and parent company, Penly and Eagle

8   Jet, were still named in the case.  Yet Milt's Eagle failed to answer Plaintiff's allegations until four

9   weeks after the 21-day deadline for the Second Amended Complaint and eighteen months after

10  Plaintiff first named Milt's Eagle as a Defendant.  Therefore, Plaintiff would be entitled to an entry

11  of default under Rule 55(a).  In addition, the Court concludes that allowing Milt's Eagle to assert

12  defenses in light of Eagle Jet and Penly's default would certainly prejudice Plaintiff at this late

13  stage.  *Franchise Holding II, LLC v. Huntington Rest. Group, Inc.*, 375 F.3d 922, 925–26 (9th Cir.

14  2004).  Accepting the Plaintiff's factual allegations as true, the Court therefore strikes Defendants'

15  improper answer.  Nevertheless, Defendants will have the opportunity to contest the amount of

16  damages at trial.  *Playboy Enterprises Intern., Inc. v. Muller*, 314 F. Supp. 2d 1037, 1039–40 (D.

17  Nev. 2004) ("The general rule of law is that upon default the factual allegations of the complaint,

18  *except those relating to the amount of damages*, will be taken as true.") (emphasis added) (quoting

19  *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)).

20                                    **CONCLUSION**

21          Accordingly, and for good cause appearing,

22          IT IS HEREBY ORDERED that Plaintiff's Motion to Strike (#64) is GRANTED.

23  The Clerk of the Court is directed to strike Defendants' Answer (#54) from the record.

24          Dated: March 25, 2011.

25                                                    _____

26                                                    **ROGER L. HUNT**
                                                     **Chief United States District Judge**

4