# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WEBSTER CAPITAL FINANCE, INC., | |
| Plaintiff, | Case No. 2:09-cv-01367-RLH-PAL |
| vs. | **ORDER** |
| EAGLE JET AVIATION, INC., *et al.*, | |
| Defendants. | |

The court conducted a telephonic status conference on April 26, 2011. Howard Levine appeared telephonically on behalf of the Plaintiff, and Robert Eaton appeared on behalf of Defendants Milt's Eagle, LLC, Eagle Jet Aviation, Inc., and Alex Penly. Defendant Milton Woods is *pro se*, did not appear, and has had summary judgment entered against him.

In an Order (Dkt. #70) entered March 28, 2011, the district judge directed the clerk of the court to strike the answer and affirmative defenses of Defendants Milt's Eagle, LLC, Eagle Jet Aviation, Inc., and Alex Penly because they were filed after default had been entered against them, and no application had been made to set aside the default. After the district judge's order was entered, the parties conducted a Rule 26(f) conference and submitted a Report (Dkt. #71). Counsel for the Defendants initially advised counsel for Plaintiff that individual Defendant Alex Penly would be filing for bankruptcy protection. However, at the status hearing, counsel for Defendants advised the court and opposing counsel for the first time that this representation was incorrect, and that his client did not intend to file bankruptcy.

Counsel for Plaintiff proposes to re-file a motion for default judgment which was previously denied by the district judge because the court was unable to determine the total amount of damages. Counsel for Plaintiff requested twenty-one days from the date of the status conference to file the

motion. Counsel for the Defendants proposed conducting discovery on issues related to the sale of the airplane. Specifically, Defendants seek discovery concerning the existence and validity of the continuing guaranties at issue in this lawsuit; offers to purchase the aircraft; proof of payments or any defense as to the existence or validity of the default; records regarding engine maintenance agreements for the subject aircraft; correspondence between the lender and borrowers and/or guarantors generally, and with regard to notices sent pursuant to the loan documents; and matters relating to the sale of the aircraft. The court inquired of counsel for Defendants why this discovery was relevant for purposes of Rule 26(b)(1) in light of the district judge's order striking the Defendants' answer and affirmative defenses. Counsel for Defendants responded that this discovery would tend to support Defendants' claims that the plane which served as security for the loan was improperly relocated and Defendants were prevented from completing a previously-arranged sale which, if completed, would have resulted in no damages to the Plaintiff.

As default judgment has been entered in favor of the Plaintiff and the requested discovery involves affirmative defenses that have now been stricken, the court advised counsel for the parties that the discovery Defendants' counsel proposed would not be allowed.

Having reviewed and considered the matter,

**IT IS ORDERED** that:

1. Plaintiff shall have until **May 17, 2011**, in which to file its motion for default judgment.
2. Defendants shall have until **May 31, 2011**, to file a response.
3. Plaintiff shall have until **June 14, 2011**, to file a reply.

Dated this 26th day of April, 2011.

_____
Peggy A. Leen
United States Magistrate Judge