UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WEBSTER CAPITAL FINANCE, INC., | Case No.: 2:09-cv-01367-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Set Aside–#84) |
| MILT'S EAGLE, LLC, EAGLE JET AVIATION, INC., MILTON WOODS, individually, and ALEX PENLY, individually, | |
| Defendants. | |

Before the Court is Plaintiff Webster Capital Finance, Inc.'s **Motion to Set Aside Order of Dismissal for Want of Prosecution** (#84, filed June 19, 2012) based on Rule 60 of the Federal Rules of Civil Procedure. Defendant Milton Woods, the only remaining Defendant in this case, did not file an Opposition.

### BACKGROUND

Plaintiff Webster Capital and the Defendants are parties to an agreement in which Webster Capital loaned money to Milt's Eagle (one of the Defendants) to fund the purchase of a commercial airplane. The loan was secured by the plane and the personal guaranties of the other Defendants. Webster Capital commenced this lawsuit in July 2009, alleging Defendants failed to

repay the loan.  The Court subsequently granted summary judgment against Defendant Milton Woods as to liability but denied summary judgment on the issue of damages.  The Court later entered a default judgment against the other Defendants (Milt's Eagle, Eagle Jet and Alex Penly), jointly and severely, for approximately $1.4 million in damages.  Thus, at that point in time—around July 2011—the only remaining issue in the case was the damages issue as to Milton Woods.

However, on April 9, 2012, the Court issued a notice of intent to dismiss the lawsuit because no action was taken by Webster Capital for several months—from July 2011 to April 2012.  As Webster Capital did not respond to the Court's notice, the Court dismissed the case for want of prosecution on May 29, 2012.  Webster Capital has now filed a motion asking the Court to set aside its order of dismissal.  For the reasons discussed below, the Court grants Webster Capital's motion.

**DISCUSSION**

Rule 60 of the Federal Rules of Civil Procedure provides, "the court may relieve a party or its legal representative from a final judgment, order or proceeding" for, among other things, excusable neglect and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). Excusable neglect includes situations when a party misses a filing deadline because of the parties negligence. *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009).  The Court analyzes four factors in deciding whether neglect is excusable: (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on the proceedings, (3) the reasons for the delay, and (4) whether the movant acted in good faith. *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009).

Webster Capital says that it did not file a response to the Court's notice of intent to dismiss because its lead counsel's relationship with local counsel broke down right around the time the notice was filed and it took lead counsel longer than expected to engage new local counsel.  This situation, together with the claim that Webster Capital was in settlement

1  negotiations with Milton Woods during the time in question, caused Webster Capital to neglect
2  filing a response to the notice.
3      The Court finds this neglect is excusable.  First, setting aside the order of dismissal
4  will not prejudice Woods.  The Court has already entered summary judgment against Woods for
5  liability and he admitted in his Answer that he was liable to Webster Capital for some amount of
6  damages as well.  All that remains to be done, therefore, is determine the proper amount of
7  damages Woods owes.  Furthermore, although the Court is not impressed with Webster Capital's
8  excuse for not responding to the notice, the Court has no reason to believe Webster Capital has
9  acted in bad faith, and the delay caused by Webster Capital's neglect is minimal.  Therefore, the
10 Court grants Webster Capital's motion.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Webster Capital's Motion to Set Aside (#84) is GRANTED.  The Court sets aside its Order of Dismissal (#82) and reopens the case.

Dated: August 3, 2012.

_____
ROGER L. HUNT
**United States District Judge**