UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WEBSTER CAPITAL FINANCE, INC., ) | Case No.: 2:09-cv-01367-RLH-PAL |
| ) | |
| Plaintiff, ) | **O R D E R** |
| ) | |
| vs. ) | (Motion to Set Aside–#88) |
| ) | |
| MILT'S EAGLE, LLC, EAGLE JET ) | |
| AVIATION, INC., MILTON WOODS, ) | |
| individually, and ALEX PENLY, individually, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is Defendant Milton Woods' **Motion to Set Aside Order of August 3, 2012** (Dkt. #88, filed August 10, 2012) based on Rule 60 of the Federal Rules of Civil Procedure. Plaintiff Webster Capital Finance, Inc. filed an Opposition (Dkt. #89, filed August 22, 2012). Defendant Woods did not file a Reply.

## BACKGROUND

Plaintiff Webster Capital and the Defendants were parties to an agreement in which Webster Capital loaned money to Milt's Eagle (one of the Defendants) to fund the purchase of a commercial airplane. The loan was secured by the plane and the personal guaranties of the other Defendants. Webster Capital commenced this lawsuit in July 2009, alleging Defendants failed to

repay the loan.  The Court subsequently granted summary judgment against Defendant Milton Woods ("Woods") as to liability but denied summary judgment on the issue of damages.  The Court later entered a default judgment against the other Defendants (Milt's Eagle, Eagle Jet and Alex Penly), jointly and severely, for approximately $1.4 million in damages.  Thus, at that point in time—around July 2011—the only remaining issue in the case was the damages issue as to Milton Woods.

On April 9, 2012, the Court issued a notice of intent to dismiss the lawsuit because no action was taken by Webster Capital for several months—from July 2011 to April 2012.  As Webster Capital did not respond to the Court's notice, the Court dismissed the case for want of prosecution on May 29, 2012. (Dkt. #82) Webster Capital filed a motion asking the Court to set aside its order of dismissal based on excusable negligent delay. (Dkt. #84).  Woods did not file an opposition.  On August 3, 2012, the Court granted the Motion to Set Aside the order of dismissal. (Dkt. #86).  Woods has now filed a motion asking the Court to set aside its prior order, dated August 3, 2012. (Dkt. #88).  Woods asks this motion "be heard in opposition to Plaintiff's Motion." (Dkt. #86 at p.5).  For the reasons discussed below, the Court denies Woods' motion.

## DISCUSSION

Rule 60 of the Federal Rules of Civil Procedure provides, "the court may relieve a party or its legal representative from a final judgment, order or proceeding" for, among other things, excusable neglect and "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1), (6).  Excusable neglect includes situations when a party misses a filing deadline because of the parties negligence.  *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009).  The Court analyzes four factors in deciding whether neglect is excusable: (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on the proceedings, (3) the reasons for the delay, and (4) whether the movant acted in good faith.  *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009).

///

### 1. Excusable Delay as to Woods' Instant Motion

Woods first argues that the filing of the instant motion was excusable negligence and thus the Court should consider the arguments set forth therein as opposition to Plaintiff's motion to set aside dismissal. Plaintiff responds only to argue that the arguments made by Woods in the present motion, even if considered by the Court before it made its ruling, would not have changed the outcome.

Woods admittedly failed to meet the deadline to submit an opposition to Plaintiff's motion to set aside dismissal. Woods argues that his failure to timely submit an opposition was because "it was fiscally problematic to retain replacement counsel." (#88 at p. 7). The Court finds the length of the delay caused by Woods' neglect to timely retain new counsel and file an opposition to be minimal. The Court also finds reasons for the delay to be legitimate and has no reason to believe Woods acted in bad faith to cause delay. Therefore, the Court finds the neglect relating to the filing of the instant motion to be excusable. Although the Court would have preferred to hear Woods' objections in an actual opposition, the Court now regards Woods' Motion as his opposition to Webster Capital's Motion to Set Aside Dismissal and reconsiders the prior order.

### 2. Excusable Delay as to Webster Capital's Prior Motion

Even if the Court considers the Woods' instant arguments as the opposition to Plaintiff's Motion to Set Aside Dismissal, the result does not change. Woods mistakenly assumes one primary consideration of this Court was the lack of an opposition from Woods. Quite the contrary, as is evident from the findings the Court made in its order, this Court made its determination on the merits. As Woods has not presented any relevant arguments in opposition that the Court has not already considered, the Court's analysis remains unchanged and Woods' Motion to Set Aside the August 3, 2012 Order is denied.

The Court finds Webster Capital's neglect is excusable. Webster Capital did not file a response to the Court's notice of intent to dismiss because its lead counsel's relationship

3

1  with local counsel broke down right around the time the notice was filed and it took lead counsel
2  longer than expected to engage new local counsel.  This situation, together with the claim that
3  Webster Capital was in settlement negotiations with Milton Woods during the time in question,
4  caused Webster Capital to neglect filing a response to the notice.  Woods submits that retention of
5  local counsel should not have presented a nine-month obstacle.
6        To the first factor of prejudice, setting aside the order of dismissal will not
7  prejudice Woods.  The Court has already entered summary judgment against Woods for liability
8  and he admitted in his Answer that he was liable to Webster Capital for some amount of damages
9  as well.  All that remains to be done, therefore, is determine the proper amount of damages Woods
10 owes.  Woods contends that establishing "damages relative to Mr. Woods adds little or nothing to
11 Webster [Capital's] recovery."  This argument is irrelevant to any prejudice Woods may face from
12 the reinstatement of the administrative dismissal and instead goes to prejudice against Webster
13 Capital.  Woods argues that Webster Capital should be effectively prevented from pursuing an
14 otherwise meritorious claim for damages or collecting from Woods at all.  That finding would be
15 premature and the Court declines to make a finding as to the validity of the damages claims. As
16 Woods makes no arguments or offers any facts that would support a finding of prejudice to
17 Woods, this Court finds again that there is no prejudice to Woods.
18       Furthermore, in considering the second element, Woods argues that "he understood
19 the case against him had been dismissed."  Except to cause Woods to retain new counsel, the
20 Court finds the delay has had little to no effect on the proceedings.  As to the third element, the
21 Court is not impressed with Webster Capital's excuse for not responding to the notice and agrees
22 with Woods that retention of local counsel should not have presented a nine-month obstacle.
23 However, Woods presents no argument or facts that Webster Capital acted in bad faith and the
24 Court has no reason to believe Webster Capital has acted in bad faith.  Therefore, in considering
25 all the excusable negligence factors, this Court finds the delay caused by Webster Capital's neglect
26 is minimal.  For the foregoing reasons, the Court denies Woods' motion.

AO 72
(Rev. 8/82)

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Woods' Motion to Set Aside the Order of August 3, 2012 (#88 ) is DENIED.

Dated: September 19, 2012.

_____
**ROGER L. HUNT**
**United States District Judge**