# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WEBSTER CAPITAL FINANCE, INC., | Case No.: 2:09-cv-01367-RLH-PAL |
| Plaintiff, | **O R D E R** |
| vs. | (Renewed Motion for Summary Judgment – #91) |
| MILT'S EAGLE, LLC, EAGLE JET AVIATION, INC., MILTON WOODS, individually, and ALEX PENLY, individually, | |
| Defendants. | |

Before the Court is Plaintiff Webster Capital Finance, Inc.'s **Renewed Motion for Summary Judgment** (#91, filed Oct. 24, 2012). Defendants did not file a response. For the reasons discussed below, the Court grants Plaintiff's motion.

## BACKGROUND

The facts giving rise to this case are set out more particularly in the Court's prior Order (# 28, filed Apr. 20, 2010). Pertinent to this Order is simply that Plaintiff Webster Capital Finance, Inc. ("Plaintiff") seeks to recover the outstanding loan balance from guarantor-Defendant Milton Woods ("Defendant"). The Court previously granted Summary Judgment as to Defendant's liability, but did not enter final judgment because the foreclosure sale of the collateral

1  had yet to take place and, as such, the total amount outstanding could not be determined.
2  Additionally, the Court previously entered Default Judgment against the other Defendants in this
3  case. Having foreclosed and sold the collateral, Plaintiff now renews its Motion for Summary
4  judgment against Defendant.

## DISCUSSION

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The Court's Order on Plaintiff's first Motion for Summary Judgment declined to award damages because Plaintiff had neither sold the collateral nor presented evidence as to its fair market value. The Court was concerned that a determination damages absent that information could result in a windfall to Plaintiff. Now that Plaintiff has sold the collateral and deducted the proceeds from the amount outstanding, no questions of fact remain as to damages. Thus, having reviewed the motion and the attached documents and affidavits, and there having been no opposition filed, the Court finds that the amount of damages, attorneys' fees and costs are evident from the affidavit testimony and business records submitted with Plaintiff's motion.

Accordingly, the Court grants the motion and enters judgment against Woods in the amount of $1,700,055.82, which includes the per diem prejudgment default interest rate of $432.78 through November 27, 2012. The Court finds further that Plaintiff is owed reasonable attorneys' fees in the amount of $66,903.00 as well as costs of $702.06 and interest. These

judgments are entered jointly and severally with Defendants Milt's, Eagle, and Penly to the extent of the judgments entered previously against those defendants (#80, filed Jul. 13, 2011).

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Plaintiff Webster Capital Finance, Inc.'s Motion for Summary Judgment (#91) is GRANTED.

IT IS FURTHER ORDERED that judgment shall enter against Defendant Milton Woods for damages in the amount of $1,700,055.82 plus attorneys' fees in the amount of $66,903.00 and costs in the amount of $702.06.  This judgment is entered jointly and severally with Defendants Milt's Eagle, LLC, Eagle Jet Aviation Inc., and Alex Penly to the extent of the corresponding judgment entered against those defendants.

IT IS FURTHER ORDERED that Plaintiff is entitled to pose judgment interest at the legal prevailing rate on the total judgment amount.

Dated: November 27, 2012.

_____
**ROGER L. HUNT**
**United States District Judge**